# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
DEBRA KEREKHAZI

                              *Plaintiff,*

**Index No.:**

**VERIFIED COMPLAINT**

-against-

535 RIVER LLC and AIRBNB, INC,

                              *Defendant(s).*
-----------------------------------------------------------------x

Plaintiff, by and through her attorneys, OMRANI & TAUB, P.C., complaining of the defendant herein, respectfully alleges, upon information and belief the following:

1. That at all times relevant herein, the plaintiff, DEBRA KEREKHAZI was and still is a resident of the County of Queens, State of New York.

2. That at all times relevant herein, the defendant, 535 RIVER LLC, was the owner of, or had exclusive care, custody and control over, the real property, and the structure and appurtenances thereon, commonly known and identified as 535 River Road, County of Warren, State of New Jersey. (herein referred to as "Premises")

3. That on or about the 24th day of July 2020 and at all times relevant herein, the defendant, 535 RIVER LLC, managed the aforesaid Premises.

4. That on or about the 24th day of July 2020 and at all times relevant herein, the defendant, 535 RIVER LLC, controlled the aforesaid Premises.

5. That on or about the 24th day of July 2020 and at all times relevant herein, the defendant, 535 RIVER LLC, maintained the aforesaid Premises.

6. That on or about the 24th day of July 2020 and at all times relevant herein, it was the duty of the defendant, 535 RIVER LLC, its agents, servants, and/or employees, to maintain the

aforesaid Premises, in a reasonably safe and suitable condition and repair for use by others, including the plaintiff herein.

7. That at all times relevant herein, the defendant, AIRBNB, INC, is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times relevant herein, the defendant, AIRBNB, INC, was the owner of, or had exclusive care, custody and control over, the real property, and the structure and appurtenances of the aforesaid Premises.

9. That at all times relevant herein, the defendant, AIRBNB, INC., through their agents, servants, employees, and/or assigns, operated, managed, maintained, possessed, supervised, repaired, altered and controlled the aforesaid Premises.

10. That on or about the 24th day of July 2020 and at all times relevant herein, the defendant, AIRBNB, INC, managed the aforesaid Premises.

11. That on or about the 24th day of July 2020 and at all times relevant herein, the defendant, AIRBNB, INC, controlled the aforesaid Premises.

12. That on or about the 24th day of July 2020 and at all times relevant herein, the defendant, AIRBNB, INC, maintained the aforesaid Premises.

13. That at all times relevant herein, the Defendant AIRBNB, INC., operated an online marketplace and hospitality service via its website that listed and advertised the Premises for short-term, for profit rental, published certain for profit, provided assurances of legal protection in the form of a "Host Guarantee" and "Host Protection Program" and provided the means by which prospective tenants/invitees/licensees contracted with the Defendant 535 RIVER LLC to rent the Premises.

14. For its part, the Defendant AIRBNB, INC., contracted for, collected and was paid a certain percentage of said money and in its online listing of the Premises, the Defendant

AIRBNB, INC, made certain express and/or implied warranties as to the condition and safety of the premises, on its behalf and/or as an agent on behalf on the defendant, 535 RIVER LLC.

15. That on or about the 24th day of July 2020 and at all times relevant herein, it was the duty of the defendant, AIRBNB, INC, their agents, servants, and/or employees, to maintain the aforesaid Premises, in a reasonably safe and suitable condition and repair for use by others, including the plaintiff herein.

16. That on or about the 24th day of July 2020 and for a period of time prior thereto, there existed a hazardous, dangerous, and/or trap-like condition at or about the aforesaid Premises.

17. That on or about 24th day of July 2020 the plaintiff, DEBRA KEREKHAZI was caused to, and did, sustain a fall while lawfully present upon the aforesaid Premises, as a result of the aforementioned hazardous, dangerous, slippery and/or trap-like condition(s) existing thereat.

18. That by reason thereof, the plaintiff, DEBRA KEREKHAZI was caused to be seriously injured, and to sustain painful, permanent and disabling personal injuries, requiring medical care and treatment, and resulting in vocational and functional disability.

19. That the foregoing injuries to the plaintiff were caused solely by and through the carelessness, recklessness, negligence and/or wanton and willful disregard on the part of the defendants, and without any negligence on the part of the plaintiff contributing thereto.

20. That this action falls within one or more of the exceptions set forth in CPLR §1602 with regard to joint and several liability. The plaintiff defers all issues of law to the Court for resolution at the time of trial.

21. Pursuant to CPLR Section 1602 (2) (iv), the defendants are liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendants owed the plaintiff a non-delegable duty of care.

22. Pursuant to CPLR Section 1602 (7), the defendants are liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendant acted with reckless disregard of the safety of others.

23. Pursuant to CPLR Section 1602 (2) (iv), the defendants are liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of the other and/or others who caused or contributed to the plaintiff's damages.

24. That by reason thereof, the plaintiff has been damaged in a substantial sum of money in an amount to be determined by the court and/or a jury, in excess of the jurisdictional limits of all lower courts which might otherwise have jurisdiction over the action.

**W H E R E F O R E**, the plaintiff, DEBRA KEREKHAZI demands judgment of the defendants, jointly and severally, for an amount to be determined by the court and/or a jury, together with interest, costs and disbursements of this action.

Dated: New York, New York
August 5, 2021

Yours, etc.

OMRANI & TAUB, P.C.
By: Isaac A. Arasteh, Esq.
*Attorney(s) for Plaintiff(s)*
488 Madison Avenue, 20th Floor
New York, New York 10022
(212) 599-5550

STATE OF NEW YORK  )
                                        )  ss.:
COUNTY OF NEW YORK  )

ISAAC A. ARASTEH, ESQ., being duly sworn, affirms and says that:

He is an attorney duly admitted to practice law in the State of New York and is a member of the firm of OMRANI & TAUB, P.C. in the within action; that he has read the foregoing **Summons and Verified Complaint** and knows the contents thereof, that the same is true to the best of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters she believes them to be true.

The reason this verification is not made by the plaintiff is that plaintiff resides and is located outside the county wherein the undersigned maintains his principal office.

The source of deponent's information and the grounds for his belief, as to those matters stated upon information and belief, are statements furnished to deponent by plaintiff, personal investigation of this matter and from records in deponent's file.

I affirm the foregoing statements to be true under the penalties of perjury.

Dated:        New York, New York
              August 5, 2021

                                                                    _____
                                                                    ISAAC A. ARASTEH, ESQ.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

DEBRA KEREKHAZI

　　　　　　　　Plaintiff,

- against -

535 RIVER LLC and AIRBNB, INC,

　　　　　　　　Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### OMRANI & TAUB, P.C.
*Attorneys for:* **PLAINTIFF**
488 MADISON AVENUE – 20TH FLOOR
NEW YORK, NEW YORK 10022
TEL: (212) 599-5550

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

| | |
|---|---|
| *Dated: August 5, 2021*<br>　　　New York, New York | *Signature* ............................................<br>*Printed Name:* ISAAC A. ARASTEH, ESQ.. |

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY　　that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on　　　　　20__

☐ NOTICE OF SETTLEMENT　　that an Order of which the within is a true copy will be presented for settlement to the Hon.　　　　at on　　　　200__, at　　　　M.

### OMRANI & TAUB, P.C.
*Attorneys for:* **PLAINTIFF**
488 MADISON AVENUE -20TH FLOOR
NEW YORK, NEW YORK 10022

0402 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

084 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

**DEPARTMENT OF STATE**
DIVISION OF CORPORATIONS,
STATE RECORDS AND UCC
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**USPS CERTIFIED MAIL**

**USPS CERTIFIED MAIL**

9214 8969 0059 7931 5317 33

202112070084
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY 12207-2543, USA

US POSTAGE PITNEY BOWES
ZIP 12231
02 1W
0001391831 DEC. 09 2021
$ 005.31°